**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW J. MEES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 1204 SNLJ / DDN |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER FOR**
**APPOINTMENT OF COUNSEL AND**
**EXPANSION OF STATE COURT RECORD**

This action is before the court upon the petition of Missouri state prisoner Matthew J. Mees for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned Magistrate Judge for a report and recommended disposition under 28 U.S.C. § 636(b)(1). For the reasons set forth below, the court will appoint counsel to represent petitioner Mees and order that the record of the state court proceedings be expanded.

**I. BACKGROUND**

On March 15, 2006, in the Circuit Court of St. Louis County petitioner Mees pled guilty to three counts of first degree child molestation. (Doc. 13-1 at 3.) On April 27, 2006, the circuit court sentenced petitioner to concurrent terms of fifteen years imprisonment on each of the three counts. (Doc. 13-1 at 3-4, 8-9.) Additionally, the court sentenced petitioner to shock incarceration for 120 days pursuant to Mo. Rev. Stat. § 559.115. (Id.)

On July 28, 2006, the circuit court released petitioner on five years probation. (Id. at 4.) During the period November to December, 2008,[1] the court revoked petitioner's probation and ordered that the fifteen-year incarceration sentence be executed. (Id. at 5.)

---

[1] The circuit court docket entries for November 13 and December 31, 2008 indicate that the sentencing occurred on November 13, 2008, while the revocation hearing occurred on December 31, 2008. See Doc. 13-1 at 5.

Petitioner Mees did not appeal his original conviction and sentences or the revocation of probation. (Doc. 1 at 2.)

On July 10, 2012, he filed a petition for a writ of habeas corpus in the Circuit Court of Washington County under Mo. Sup. Ct. R. 91.01. Mees v. Steele, Case No. 12WA-CC00319.[2] On February 4, 2013, after considering the pleadings, the Circuit Court denied the petition. Id. On April 1, 2013, petitioner filed a Rule 91 petition for a writ of habeas corpus in the Missouri Court of Appeals. Mees v. Hurley, Case No. ED99759.[3] The petition was denied on April 18, 2013. Id.

On June 25, 2013, petitioner Mees filed the instant federal habeas petition under 28 U.S.C. § 2254. (Doc. 1.)

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges four grounds for federal habeas relief:

(1) The trial court erred by accepting petitioner's guilty plea because it was unknowing, involuntary, and unintelligent.

(2) His trial court counsel rendered constitutionally ineffective assistance by failing to investigate the facts of the case and petitioner's history of mental illness before advising him to plead guilty.

(3) His trial court counsel rendered constitutionally ineffective assistance by failing to challenge the charges as a violation of double jeopardy.

(4) His trial court counsel rendered constitutionally ineffective assistance by requesting that petitioner sign an admission of guilt and then using the statement to convince him to plead guilty.

(Doc. 1 at 5-11.)

Respondent contends (1) petitioner did not file his federal habeas petition within the time required by the applicable federal statute of limitations, (2) his grounds for relief are procedurally barred, and (3) his grounds are without merit. (Doc. 13.)

---

[2] The undersigned takes judicial notice of the information found on the Missouri Courts case website, Case.net, http://www.courts.mo.gov/casenet/ (last visited October 15, 2014).

[3] See footnote 2.

# III.  STATUTE OF LIMITATIONS

To obtain federal habeas relief, state prisoners must apply for habeas corpus relief within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Congress has also provided, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

All of petitioner's grounds for relief relate to his guilty plea, conviction, and original sentence.  Only the event described in § 2244(d)(1)(A) applies to these proceedings, which occurred on April 27, 2006.  (Doc. 13-1 at 3-4.)  Petitioner had ten days thereafter, until May 7, 2006 to directly appeal the judgment and sentences, Mo. Sup. Ct. R. 30.01(d), but he did not do so.  Therefore, the one year federal habeas limitations period began to run on May 7, 2006 and ended on May 7, 2007.

By the time Mees filed his petitions for habeas corpus relief under Missouri Supreme Court Rule 91 on July 10, 2012 in the Circuit Court of Washington County and on April 1, 2013 in the Missouri Court of Appeals, his federal statutory limitations period had long since run.  Therefore, no statutory tolling, under 28 U.S.C. § 2244(d)(2), of the one-year federal limitations period occurred.   Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam); cf. Polson v. Bowersox, 595 F.3d 873, 875-76 (8th Cir. 2010).

Mees argues the federal limitations period was equitably tolled. Equitable tolling is applicable to the § 2244(d)(1) limitations period in appropriate cases. Holland v. Florida, 560 U.S. 631, 646 (2010). Equitable tolling may be available "only if [a habeas petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (citations omitted); see also Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006); Gray, 283 F.3d at 918 (holding "that the one-year limitations period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition'").

Mees alleges two factual circumstances that establishes his entitlement to equitable tolling, the statement by the circuit court at his guilty plea that he could not seek appellate court review and his mental condition. Regarding his first reason for equitable tolling, Mees alleges in his federal petition:

> The [Circuit] Court told me there would no appeals if I plead guilty. By the time I learned I could have filed a 24.035 it was too late. When the Court told me there would be no appeals I took their words. I didn't understand anything any different.

(Doc. 1 at 5.) He repeats the gist of this allegation several times in his petition. (Id. at 7, 8, 10, 11.) Indeed, the Eighth Circuit has held that equitable tolling is appropriate when the conduct of the respondent lulled the petitioner into inaction. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

The record refutes Mees's factual assertion that the circuit judge misled him about his entitlement to seek appellate court review. When he entered his guilty plea on March 14, 2006, the circuit court stated to him, "And finally, Mr. Mees, do you understand that by pleading guilty, there will not be any further trials of any kind, so that by pleading guilty, you're waiving your right to trials *and to appeals, do you understand that?*" To this question, Mees answered, "Yes." (Doc. 1-3 at 14-15.)

However, on April 27, 2006, at the time of sentencing, the circuit court advised petitioner, present in court with his counsel, of his right to seek relief under Missouri Supreme Court Rule 24.035 (Conviction After Guilty Plea--Correction):

> THE COURT: Now, sir, I'm required under Supreme Court Rule 29.07(b)(4), to advise you of your right to proceed under Supreme Court Rule 24.035. This rule provides you with a right to file a motion in this court to vacate,

4

> set aside, or correct your judgment or sentence, if you claim your sentence imposed violates the Constitution and laws of this State or the Constitution of the United States, of if this Court was without the jurisdiction to impose the sentence, or if the sentences imposed were in excess of the maximum sentences authorized by law.
>
> This rule provides the exclusive procedure by which you may seek relief in this court for these claims. The form to be used is Criminal Procedure Form Number 40, which would be made available to you upon your request. No cost deposits are required.
>
> If you do not file this motion within 180 days after you are delivered to the Department of Corrections, such failure to file will be a complete waiver of your right to proceed under this rule. If you file such motion, you shall include every ground known to you for vacating, setting aside, or correcting your judgment or sentence.
>
> If you are indigent and file your own motion, counsel will be appointed for you. Counsel will have up to 60 days to file the amended motion and the prosecutor will have up to 30 days thereafter to file the response. A written request for the hearing must be made within the required time limits, because if no requests for hearings are timely made, then a hearing will not be held.
>
> Do you understand what I just told you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions about the procedure?
>
> THE DEFENDANT: No.

(Doc. 13-1 at 9-10.) Therefore, the record is clear that the earlier, short statement about Mees not being able to appeal, at the time of sentencing, was expanded to a specific explanation of his right to seek post-conviction relief and the specific time requirements for doing so.

As a second circumstance for equitable tolling, petitioner argues that during the federal habeas corpus limitations period he suffered from "mental illnesses" that prevented him from understanding the need to file the federal petition before May 7, 2007. Adopting the words of his prison advisor, Mees alleges:

> It was through no direct fault of petitioner that he did not understand the post-conviction remedies available to him including filing in the Federal Court within the 1 year time frame following his convictions. Petitioner has a history of mental illnesses which have an effect on his ability to understand.

5

(Doc. 1 at 13.) A federal habeas petitioner may not have the federal limitations period tolled due to his mental condition if he makes no factual showing of a mental capacity sufficient to establish an extraordinary circumstance that would toll the limitations period. Lawrence v. Florida, 549 U.S. 327, 337 (2007); cf. Collins v. Scurr, 230 F.3d 1362 (8th Cir. 2000) ("bald and unsupported assertions" insufficient because they related to the time of his guilty plea, not to the time he filed his federal petition; no entitlement to equitable tolling where had not made a showing that he diligently pursued his federal habeas relief after the state courts denied him post-conviction relief "and still could not have completed it on time due to *mental* incompetency.").

In Nichols v. Dormire, 11 Fed. Appx. 633 (8th Cir. 2001), the dismissal of the habeas petition was affirmed when, after remand to the district court to determine "whether the degree and duration of the prisoner's *mental* impairment warrants equitable tolling," the district court found that, although he had been diagnosed with various psychotic disorders and had been prescribed psychotropic medications, "the degree and duration of Nichols's *mental* impairment did not interfere with the running of the one-year statute of limitations for his habeas corpus petition." Id. at 634. The Eighth Circuit affirmed, concluding that the "degree and duration of [his] mental impairment does not constitute an extraordinary circumstance justifying the tolling of the limitations period." Id.

In this case, petitioner has provided the court with materials record that indicate he suffered from substantial mental impairments (diagnoses of bipolar disorder, posttraumatic stress disorder, and obsessive compulsive disorder) that may have existed in degree and duration to prevent him from filing his federal habeas petition within the one-year limitations period. (Doc. 1-3.) The record, currently inconclusive, requires this court to determine whether or not Mees's mental condition in fact interfered with his timely filing his federal petition. Because these issues are significant and substantial, in the interests of justice, the court has determined to appoint counsel for petitioner under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B).

Therefore,

**IT IS HEREBY ORDERED** that attorney Eric W. Butts, Esq., is appointed to represent petitioner Matthew J. Mees in the litigation of whether or not the statutory limitations period of 28 U.S.C. § 2244(d)(1) should be equitably tolled.

Further, upon motion of the court, pursuant to Rule 7(a), Rules Governing Section 2254 Cases,

**IT IS FURTHER ORDERED** that, not later than December 12, 2014, respondent must file with the court, serving a copy upon counsel for petitioner Matthew J. Mees, appointed above, a transcript of the probation revocation hearing and sentencing, and the order revoking probation, in the Circuit Court of St. Louis County in Case No. 2104R-00587-01.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 27, 2014.